UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ADESOMO ASUELIME, | § | |
| *Plaintiff*, | § § § | |
| v. | § § | Civil Action No. 3:23-CV-1125-X-BT |
| CITY OF DALLAS POLICE DEPARTMENT, | § § § § | |
| *Defendant*. | § | |

### ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Adesomo Asuelime sued the Dallas Police Department (DPD) over her 2022 arrest and prosecution for aggravated assault with a deadly weapon—charges which were ultimately dismissed. The United States Magistrate Judge made findings, conclusions, and a recommendation in this case (Doc. 19), and Adesomo Asuelime filed an objection (Doc. 20). Asuelime's objection reiterates the frustrations she has with the Dallas Police Department. But as Magistrate Judge Rutherford explained in her findings, conclusion, and recommendation, Asuelime's complaint (and her objection) fails to state a claim on which relief can be granted, so the Court should dismiss them under 28 U.S.C. § 1915(e)(2)(B).

The Court understands Asuelime's claims to be (1) false arrest, (2) malicious prosecution, (3) excessive force, (4) failure to read *Miranda* rights, and (5) racial discrimination. Each of these claims fails. As Judge Rutherford explained,

1

Asuelime brought her claims against the DPD, an entity that cannot be sued directly.[1] And even if she had sued the right party, her allegations fail to show that the police lacked probable caused to arrest her, that they used excessive force in arresting her, or that the police racially discriminated against her. Nothing in Asuelime's objection changes this.

Based on the facts in Asuelime's complaint and the prosecution report she attached,[2] the arresting officers had sufficient probable cause to arrest Asuelime based on the alleged victim's complaint alone. "Once an officer has probable cause to arrest, he may effectuate the arrest and need not investigate further. That necessarily means that the officer has no obligation to speak to the suspect to get her side of the story."[3] And, as Judge Rutherford noted, "a suspect's protestations of innocence do vitiate otherwise present probable cause."[4] In her objection, Asuelime asserted nothing to alter this outcome. She claims a "fake witness showed up after [the victim] called 911."[5] But even taken as true, this does not change the fact that the arresting officers had probable cause to arrest Asuelime at the time. It speaks only to the potential validity of a conviction, and as she herself states, her charges

---

[1] *See, e.g., Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313–14 (5th Cir. 1991); Hunter *v. Smith*, 2024 WL 3490083, at *5 (E.D. Tex. Mar. 24, 2024), *rec. accepted* 2004 WL 3488251 (E.D. Tex. July 19, 2024) ("The Fifth Circuit has held that Texas law does not allow county or municipal police departments to be sued directly.").

[2] See Doc. 19 at 8–11 for Judge Rutherford's explanation on the validity of considering the attached report at this stage.

[3] *Shaffer v. City of Columbus*, 444 F. Supp. 3d 872, 880 (S.D. Ohio Mar. 13, 2020) (internal citations omitted).

[4] Doc. 19 at 14.

[5] Doc. 20 at 2.

2

were dismissed.

As to her malicious prosecution claim, the standard is probable cause again. The same analysis outlined above applies here. Asuelime did not plead any factual allegation in her objection to contradict the prosecution report's detailed facts that provided DPD with probable cause.

Judge Rutherford suggested that Asuelime's excessive force claim failed because verbal threats or abuse from police are not cognizable constitutional violations under § 1983.[6] In her objection, Asuelime merely repeats that officers threatened to tase her. So, this claim fails.

Next, the Court looks to Asuelime's claim that the DPD failed to read her *Miranda* rights. A violation of the *Miranda* rules does not "provide[] a basis for a claim under § 1983."[7] And Asuelime provides no independent basis for a violation of her Fifth Amendment rights beyond the assertion that she never received a *Miranda* warning. Therefore, this claim fails as well.

Finally, Asuelime's objection asserts no facts to support her equal protection claim. She claims DPD racially profiled her but provides only conclusory assertions in support. Under the section she titles "Racial Profile/Civil Rights," Asuelime states only that she "got arrested for no reason."[8] But the prosecution report

---

6 Doc. 19 at 18 (citing *Collier v. City of Bossier City*, 2007 WL 734737, at *7 (5th Cir. Mar. 6, 2007); *Ganeson v. James*, 115 F. App'x 670, 672 (5th Cir. 2004) ("mere allegations of verbal abuse do not present an actionable § 1983 claim")).

7 *Vega v. Tekoh*, 597 U.S. 134, 141 (2022).

8 Doc. 20 at 2.

attached to her amended complaint proves otherwise.[9] "To state a claim under the Equal Protection Clause, a § 1983 plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class."[10] Asuelime failed to do so, so her equal protection claim fails.

The District Court reviewed *de novo* those portions of the proposed findings, conclusions, and recommendation to which objection was made, and reviewed the remaining proposed findings, conclusions, and recommendation for plain error. Finding none, and because Asuelime's objection fails to cure the defects of her complaint, the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge and **DISMISSES** her case for failure to state a claim.

**IT IS SO ORDERED** this 14th day of January, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[9] Doc. 11 at 8.

[10] *Williams v. Bramer*, 180 F.3d 699, 705 (5th Cir. 1999)